PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| PERKO, *et al.*, | ) | CASE NO. 5:10CV514 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** (Regarding ECF No. 19, *et al.*) |

## I. INTRODUCTION

This matter is before the Court on Defendant Ford Motor Company's Motion to Dismiss Amended Complaint.  ECF No. 19.  For the reasons provided below, the Court finds it appropriate to convert Defendant's motion to dismiss to a motion for summary judgment.

## II.  BACKGROUND

This case is a putative class action brought by ten plaintiffs from seven different states alleging their vehicles ("covered vehicles") have defective spark plugs.  There are eighteen counts in the Amended Complaint.  ECF No. 15.  Plaintiffs allege violations of the Magnuson-Moss Act, 15 U.S.C. § 2301-2312, and various states' consumer protections statutes, along with breach of express and implied warranties, and negligent design and manufacturing. ECF No. 15 at 4.  Plaintiffs attach two exhibits to the amended complaint.  ECF No. 15. Defendant Ford Motor Company filed a motion to dismiss (ECF No. 19), pursuant to Federal

(5:10CV514)

Rule of Civil Procedure 12(b)(6), and a memorandum in support (ECF No. 20).  Attached to the

memorandum in support is a declaration and six exhibits (ECF No. 20 ); an additional exhibit

was separately filed a day later.  ECF No. 21.  Plaintiffs responded in an opposition (ECF No. 25)

that refers to additional attachments.  ECF No. 26.  Defendant Ford's reply relies upon still more

exhibits.  ECF No. 30.

       The attached exhibits of both Plaintiffs and Defendant generate issues of fact beyond

those raised in the amended complaint.

### III. DISCUSSION

       The exhibits attached to the pleadings that have drawn the critical attention of the Court

follow:

> 1.  Declaration of Erick Kalis, a Ford Employee, reciting the recommended mileage for changing spark plugs in some of the covered vehicles.  ECF No. 20-1.
>
> 2.  Records documenting the sale of a covered vehicle to Plaintiff Cooper, indicating the vehicle had previously been sold or leased to another individual.  ECF No. 20-6.
>
> 3.  Records documenting the sale of a vehicle to Plaintiff Ernestberg, indicating the vehicle had previously been sold or leased to another individual.  ECF No. 20-7.
>
> 4.  A photocopy of Plaintiff White's "Extended Warranty."  ECF No. 26-1.
>
> 5.  TSB 3/3/06, a Ford Bulletin that appears to be similar to TSB 08-7-6 other than the date of issuance.  ECF 15-1 ,  ECF No. 26-2.
>
> 6.  A letter from Plaintiffs attorney offering documents to Defendant pursuant to the Report of Parties' Planning Meeting, with a copy of Plaintiff Ernestburg's maintenance bill for his covered vehicle.  ECF No. 30-1.

2

(5:10CV514)

## IV. LEGAL STANDARD

A motion to dismiss tests the adequacy of a pleading, and thus, generally, no materials beyond the contested pleading itself may be examined in ruling upon the motion. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). The Sixth Circuit has held that when a court is presented with a Rule 12(b)(6) motion, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Supreme Court explained that lower "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Beyond the materials referenced above, parties may offer other materials in support of or in opposition to a motion to dismiss for failure to state a claim, but doing so alters the nature of the motion. The court enjoys the discretion to consider or exclude such materials. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). If the Court chooses to consider the material, it must generally convert the Rule 12(b)(6) motion into a motion for summary judgment under Federal Rule of Civil Procedure 56. *Tackett v. M&G Polymers*, U.S.A., LLC, 561 F.3d 478, 487 (6th Cir. 2009) ("When a court considers matters outside the pleadings in a Rule 12(b)(6)

(5:10CV514)

motion, Rule 12(d) requires that the motion must be treated as one for summary judgment under Rule 56.").

## V. ANALYSIS

### A.

In viewing the instant case in its entirety, the attached exhibits filed by the parties go beyond matters central to the allegations in the amended complaint. The attachments to the amended complaint were published illustrations of the method and tools required to remove spark plugs in the covered vehicles. ECF No. 15 -1, 15-2. These exhibits appear to be central to the allegations in the amended complaint and are referred to in the amended complaint. ECF No. 15 at 3, 4. And, as such, are within the purview of a 12(b)(6) motion. *Tellabs*, 551 U.S. 308.

Defendant Ford's memorandum in support of its motion to dismiss has attached a declaration by a Ford employee authenticating Ford Warranty Guides. ECF No. 20-1,2,3,4,5. The Guides include Ford's "Bumper to Bumper" warranty, referenced in the amended complaint. ECF No. 15 at 22,32-33,35. This exhibit, too, appears appropriate for 12(b)(6) consideration.

In contrast, however, there are several exhibits attached to the memorandum in support, opposition and reply that appear well outside of Rule 12(b)(6) consideration. In one of the attachments to the memorandum in support, a Ford employee authenticates Ford's maintenance recommendations for covered vehicles. ECF No. 20-1. Although the amended complaint states, in some counts, that the spark plugs in the covered vehicles were removed during "routine maintenance" (ECF No. 15 at 6,8,10), there are no specific allegations in the amended complaint based on a routine maintenance issue and, thus, routine maintenance is not central to the claims

4

(5:10CV514)

presented in the amended complaint.  Defendant Ford also attaches to its memorandum in

support Exhibits E and F--records of Plaintiff Cooper and Plaintiff Ernestberg purchase of

previously leased or sold covered vehicles.  ECF No. 20-6,7.  Ford attaches these documents in

support of its argument that both Plaintiffs lack privity necessary to their implied warranty claim.

ECF No. 20 at 31-32.  At this point, Ford is relying upon materials not referenced in the amended

complaint in support of its motion to dismiss.  This alters the nature of the Rule 12(b)(6) motion

to one submitted under Rule 56.  *Tackett*, 561 F.3d at 487 ("When a court considers matters

outside the pleadings in a Rule 12(b)(6) motion, Rule 12(d) requires that "the motion must be

treated as one for summary judgment under Rule 56.").

 Attached to their opposition, Plaintiffs, for the first time, present a copy of Plaintiff

White's "Extended Warranty."  ECF No. 25; ECF No. 26-1.  Originally, Plaintiffs pleaded facts

relative to a "Bumper to Bumper" warranty; now Plaintiffs argue additional facts relative to an

"Extended Warranty."  ECF No. 25 at 22.  This new, additional allegation goes beyond that

established in the amended complaint, certifying that a Rule 56 motion is more appropriate.[1]

 In its reply brief, Defendant Ford attaches an additional document–Plaintiff Ernestburg's

maintenance bill–which appears to be used to refute Plaintiffs' express warranty claim.  ECF No.

30-1.  The document indicates that, at the time of maintenance, the vehicle had 102,195 miles,

well past the 36,000 "Bumper to Bumper" warranty period.  *Id*.  Now, clearly, the parties are

---

 [1]  Also, attached to Plaintiffs' opposition is an additional illustration of a Ford
TSB from 2006 (ECF No. 26-2), which appears to be used to refute the timing of Ford's
knowledge of an alleged defect.  ECF No. 25 at 51.

5

(5:10CV514)

litigating the facts beyond those central to the allegations in the amended complaint and a Rule

56 motion is appropriate.

**B.**

The parties appear aware that their attached exhibits are problematic in a Rule 12(b)(6)

context.  In a footnote referencing one of its many exhibits–the new TSB–Plaintiffs recognize an

issue with the new information and requests that the Court extend leave to amend the amended

complaint if the Court finds the initial amended complaint deficient.  ECF No. 25 at 51 FN 216.

Defendant Ford also expresses concern that the exhibits have gone beyond the pleadings.  In a

footnote referencing one of its many exhibits–the Ford maintenance recommendations (ECF No.

20-1)–Defendant recognizes an issue with the new information and invites the Court to consider

treating their 12(b)(6) motion as a Rule12(d).  ECF No. 20 at 17-18 FN2.

Attaching materials outside of the initial pleadings in support of a 12(b)(6) motion is

improper.  The motion filed pursuant to Fed. R. Civ. Pro. 12(b)(6) should be converted to a

motion for summary judgment pursuant to Fed. R. Civ. Pro. 12(d).

(5:10CV514)

## VI.  CONCLUSION

The parties are hereby on notice that Defendant's Motion to Dismiss filed pursuant to

Fed. R. Civ. Pro. 12(b)(6), ECF No. 19, is being converted to a Rule 56 Motion for Summary

Judgment, pursuant to Fed R. Civ. Pro. 12(d).  The parties have until fourteen (14) days from the

filing of this Order to notify the Court of any desire to conduct additional discovery or amend the

pleadings presently before the Court.

IT IS SO ORDERED.


 May 9, 2011                                        /s/ Benita Y. Pearson
Date                                               Benita Y. Pearson
                                                   United States District Judge

7